# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASCENTIUM CAPITAL, LLC, | Case No.: 1:16-cv-1575-LJO-BAM |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| AERO TRANSPORT, INC. and RANJIT DHALIWAL, | |
| Defendant. | |

On February 8, 2017, Plaintiff Ascentium Capital, LLC ("Plaintiff") filed a motion for default judgment against Defendants Aero Transport, Inc. and Ranjit Dhaliwal ("Defendants"). No opposition to Plaintiff's motion was filed. The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for March 17, 2017. (Doc. 13). Having considered the moving papers and the Court's file, the Court RECOMMENDS that Plaintiff's motion for default judgment be GRANTED.

## I. BACKGROUND

According to the Complaint, Plaintiff alleges that on April 23, 2015, Defendants agreed to purchase a 2016 Kenworth Model T680 vehicle together with an extended warranty ("Vehicle"). Plaintiff's Complaint at ¶ 9, Doc. 1. By executing the Finance Agreement and a Guaranty, Plaintiff

1

loaned money to Defendants to purchase the Vehicle and Defendants agreed to repay the loan by making 60 monthly payments of $3,056.41. *See* Declaration of Jerry Noon ("Noon Decl."), Exh. 1, (Doc.11 at 9-11).

Despite Plaintiff's performance under the contract, Defendants failed to make the payments as promised after March 2016. Noon Decl. ¶ 12. Though Plaintiff demanded repayment, Defendants have failed to comply. *Id.* Thus, Defendants owe Plaintiff the entire unpaid balance of $145,015.82 plus interest and late payment charges. *Id*. In addition to repayment of the loans, Plaintiff seeks to recover possession of the Vehicle based upon a lien it placed on the Vehicle in connection with the Finance Agreement. Noon Decl. Ex. 1 at pg. 9-10. Despite demanding that Defendants turn over the Vehicle, they have failed to do so. Noon Decl. ¶ 20. Under the Finance Agreement, Plaintiff is entitled to liquidate the Vehicle in a commercially reasonable manner and credit the judgment with all sums received from the sale. *Id.*

In order to recover the payments and possession of the Vehicle, Plaintiff filed the underlying action on October 16, 2016. (Doc. 11). On November 19, 2016, Plaintiff served a copy of the summons and complaint on Defendants by personally serving the documents on Defendant Ranjit Dhaliwal, as an individual, and as the registered agent for Defendant Aero Transport, Inc., at 4482 West Michigan Avenue, Fresno, California. (Proof of Service, Docs. 4, 5). Defendants did not respond to the complaint, and on January 7, 2017, Plaintiff filed a request for entry of default. (Doc. 6). That same day, the Clerk of the Court entered default against Defendants. (Docs. 7, 8). Plaintiff's instant motion for default judgment against Defendants followed. (Doc. 11).

**II. LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a plaintiff can apply to the court for a default judgment against a defendant that has failed to plead or otherwise defend against the action. Fed. R. Civ. P. 55(b)(2). "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir.

1987). Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10 J. Moore, MOORE'S FEDERAL PRACTICE § 55.11 (3d ed. 2000).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002); *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)); *accord DIRECTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law" (citation and quotation marks omitted)).

### III. ANALYSIS

Applying the factors articulated by the Ninth Circuit in *Eitel*, the Court finds the factors weigh in favor of granting Plaintiff's motion for default judgment.

**A. Possibility of Prejudice to Plaintiff**

The first factor considers whether the plaintiff would suffer prejudice if default judgment is not entered. *See Pepsico, Inc*., 238 F. Supp. 2d at 1177. Generally, where default has been entered against a defendant, a plaintiff has no other means by which to recover damages. *Id.*; *Moroccanoil, Inc. v. Allstate Beauty Prods.*, 847 F. Supp. 2d 1197, 1200-01 (C.D. Cal. 2012). Therefore, the Court finds Plaintiff would be prejudiced if default judgment is not granted.

**B. Merits of the Plaintiff's claims and the Sufficiency of the Complaint**

The second and third *Eitel* factors, taken together, "require that [the] plaintiff[s] state a claim on which [they] may recover." *Pepsico, Inc*., 238 F. Supp. 2d at 1175. Notably a "defendant is not

held to admit facts that are not well-pleaded or to admit conclusions of law." *DIRECTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir.2007).

1. *Breach of contract*

To demonstrate a breach of contract claim, Plaintiff must prove the existence of a contract, breach, damages, and that Plaintiff performed under the contract. *Oasis West Realty, LLC v. Goldman*, 51 Cal.4th 811, 821 (2011). Via the Complaint, Plaintiff has pleaded the existence of a contract with the Defendants by attaching the executed Finance Agreement and Commencement Agreement. (Doc. 1 at 9- 16). Plaintiff additionally alleges that while Plaintiff performed under the contract, Aero Transport, Inc. failed to make payments on the contract. *Id*. Finally, Plaintiff has alleged it suffered losses of $145,015.82 plus interest and late charges in the amount of $1,833.84 under the contract. Thus, Plaintiff has established the elements for breach of contract.

2. *Breach of guaranty*

To establish the breach of a guaranty, Plaintiff must show the same elements as with a breach of contract. *Id*. Plaintiff alleges that pursuant to the Finance Agreement, Dhaliwal agreed to act as a personal guarantor as to the assigned contract. (Doc.11-1 at 9-10). In support of this claim, Plaintiff attaches to its Complaint a copy of the personal guaranty signed by Dhaliwal. *Id.* Plaintiff alleges it performed under the contract but Dhaliwal failed to make the repayments. Therefore, Plaintiff has demonstrated the elements for breach of guaranty.

3. *Claim for delivery of personal property*

To establish "claim and delivery of personal property," Plaintiff must show that it is entitled to possession of the property, that the property is wrongfully detained by Defendants, demonstrate a description and value of the property, where the property is located and that the property has not been taken for a tax, assessment or fine. Cal. Civ. Code Proc. § 512.010(b).

The Complaint demonstrates that Plaintiff is entitled to immediate possession of the Vehicle due to Defendants' failure to comply with the terms of the Finance Agreement. (Doc. 1 at 5). This demonstrates also that the Defendants have wrongfully retained the property. The Complaint also establishes the value of the Vehicle and that the Vehicle remains in the possession of Defendants. *Id.*

Thus, Plaintiff has adequately stated a cause of action and the claim has merit. Consequently, Plaintiff has demonstrated a cause of action for "claim and delivery" of personal property.

   4.   *Conversion*

The elements of a California conversion claim are: (1) Plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages. *Burlesci v. Petersen,* 68 Cal.App.4th 1062, 1066 (1998). Plaintiff seeks to dismiss the conversion claim because it will duplicate the recovery sought on the contract claims. (Doc. 11 at 2).

**C.   The Sum of Money at Stake in the Action**

Under the fourth factor cited in *Eitel*, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc*., 238 F. Supp. 2d at 1177; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc*., 219 F.R.D. 494, 500 (C.D. Cal. 2003).

Here, Plaintiff seeks damages of $149,630.66. (Doc. 11). This represents the principal ($145,015.82), late fees ($1,833.84), attorneys' fees and costs ($2,781.00). The Court finds this amount is proportional to the harm caused by Defendants' conduct and, therefore, this factor does not weigh against entry of default judgment.

**D.   The Possibility of a Dispute Concerning Material Facts**

The facts of this case are relatively straightforward, and Plaintiff has provided the Court with well-plead allegations and a declaration with exhibits in support. Here, the Court may assume the truth of well-plead facts in the complaint following the clerk's entry of default and, thus, there is no likelihood that any genuine issue of material fact exists. Defendants' failure to file an answer in this case or a response to the instant motion further supports the conclusion that the possibility of a dispute as to material facts is minimal. *See*, *e.g.*, *Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists.").

///

///

5

## E. Whether the Default Was Due to Excusable Neglect

The sixth *Eitel* factor considers the possibility that Defendant's default resulted from excusable neglect. *PepsiCo, Inc*., 238 F. Supp. 2d at 1177. Courts have found that where defendants were "properly served with the complaint, the notice of entry of default, as well as the paper in support of the [default judgment] motion," there is no evidence of excusable neglect. *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001). Upon review of the record, the Court finds that the default was not the result of excusable neglect. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Here, it appears that Plaintiff properly served Defendants by personally delivering a copy of the summons and complaint to Ranjit Dhaliwal as an individual and as the designated agent for service of process for Aero Transport, Inc., on November 19, 2016. (Docs. 4, 5).[1] Both Defendants were personally served at 4482 West Michigan Avenue, Fresno, California which is the business location identified in the contract documents. Service of process was therefore sufficient.

Moreover, Plaintiff served Defendants with notice of its motion for default judgment. (Proof of Service, Doc. 11 at 3). Despite ample notice of this lawsuit and Plaintiff's intention to seek a default judgment, Defendants have not appeared in this action to date. Thus, the record suggests that they have chosen not to defend this action, and not that the default resulted from any excusable neglect. Accordingly, this *Eitel* factor favors the entry of a default judgment.

## F. The Strong Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. *PepsiCo, Inc*., 238 F. Supp. 2d at 1177; *see also Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. Mar. 5, 2010). Accordingly, although the Court is cognizant of the policy favoring decisions on the merits—that policy is unavailable here because Defendants have not responded. This factor does not weigh against entry of default judgment.

---

[1] A plaintiff may serve a corporation, partnership, or association by delivering a copy of the summons and complaint to an agent "authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).

Upon consideration of the *Eitel* factors, the Court concludes that Plaintiff is entitled to the entry of default judgment against Defendants. The Court therefore recommends that Plaintiff's Motion for Default Judgment should be GRANTED.

**IV.     Damages**

A party's default conclusively establishes that party's liability, however it does not establish the amount of damages. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (*per curiam*). Therefore, the Court must consider the question of damages separately. For it damages calculation, Plaintiff asserts damages and costs of a total of $149,630.66. (Doc. 11-1 at 7). This amount is comprised of the principal ($145,015.82), late fees ($1,833.84) and attorneys' fees and costs ($2,781.00).

**A.     Principal and Interest**

California law provides that, "[f]or the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this Code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom." Cal. Civ. Code § 3300. In addition, breach of contract damages must be "clearly ascertainable in both their nature and origin." Cal. Civ. Code § 3301.

Here, Plaintiff has submitted the Finance Agreement executed with Defendants, as well as evidence of the amounts that Defendants owe for default. Under the Finance Agreement, the principal sum was $152,820.50 which must be discounted for unearned interest at a rate of 4%. Noon Decl. at ¶ 12. With the discount of unearned interest, the sum of $145,015.82 is due and payable to Plaintiff.

**B.     Late Fees**

The Finance Agreement and the Guaranty also state that Plaintiff is entitled to late fees calculated as 10% of each late payment. Noon Decl. at Ex. 1. Based on this provision, Plaintiff states that it is entitled to late charges in at least the sum of $1,833.84. Noon Decl. ¶ 14. However, Plaintiff's motion and supporting documents only provides supporting evidence to demonstrate that late fees of $916.92 accrued through October 6, 2016. Plaintiff does not itemize or explain how the

7

remainder of these charges was calculated. *See* Noon Decl. at Ex. 5, pg. 20. Accordingly, the Court finds that Plaintiff has adequately proven that it is entitled to $916.92 in late fees. The Court therefore recommends that the remaining unaccounted for charges be excluded from Plaintiff's damages.

**C.     Recovery of the Vehicle**

Plaintiff also seeks to recover the Vehicle Defendants purchased with the financing pursuant to the terms of the Finance Agreement and the Guaranty. As noted above, the remedy of claim and delivery requires a plaintiff to show its right to possession and the defendant's wrongful possession of the property at issue. The Court finds that Plaintiff has established its right to possession of the Vehicle, as well as Defendants' wrongful possession of the same. Finally, Plaintiff is the lienholder on the Vehicle as shown on the Certificate of Title with the State of California Department of Vehicles. Noon Decl. ¶ 16; Ex. 4. Therefore, Plaintiff is entitled to recover the Vehicle.

**D.     Recovery of Attorneys' Fees and Costs**

Plaintiff also requests attorneys' fees and costs incurred in pursuing this action as provided for in the Finance Agreement and the Guaranty. In support, Plaintiff submits billing statements indicating that the total "attorney" time billed by Andrew Alper, Ronnie Auceda, and Sandra Barnett amounted to eight hours of time at an hourly rate between $195/hour to $365/hour. Noon Decl. at Ex. 6, pgs. 22-40. Plaintiff also spent $575 to file and personally serve the Complaint and summons on Defendants. Noon Decl. ¶ 21. The total amount for these fees and costs is thus $2,781.00.

However, the Court's review of the billing statements submitted in support of the requested fees fails to demonstrate that counsel is entitled to the amount of fees requested. More specifically, counsel does not provide supporting declarations or supplemental evidence establishing the reasonableness of the requested hourly rates in this district. Prevailing hourly rates in the Fresno Community, for competent, experienced attorneys range between $250-$380 per hour with the highest rates generally reserved for those attorneys who possess in excess of 20 years of experience. *See Willis v. City of Fresno,* Case No. 1:09-cv-01766-BAM, 2014 U.S. Dist. LEXIS 97564, 2014 WL 3563310, at * 11 (E.D. Cal. July 17, 2014), *adhered to on reconsideration*, No. 1:09-cv-01766-BAM, 2014 WL 4211087 (E.D. Cal. Aug. 26, 2014), and *aff'd*, No. 14-16560, 2017 WL 781517 (9th Cir.

Mar. 1, 2017) ("The Court's review of the hourly rates generally accepted in the Fresno community for competent, experienced attorneys reveals a range of $250-$380 per hour.").

The fee applicant bears the burden to establish that the requested rates are commensurate "with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886 (1984). Counsel has not done so here. Counsel has failed to provide any information regarding the years and experience for the three individuals seeking fees in this case. Further, while the billing statements designate the hours worked by Ronnie Auceda and Sandra Barnett as "total all attorneys" there is nothing to indicate that they are indeed attorneys and therefore entitled to attorneys' fees at the $195 hourly rate.

To the extent that there is work here performed by paralegals, Plaintiff is advised that paralegal rates within the Fresno Division of the Eastern District range between $75 to approximately $115 per hour. *See Trujillo v. Singh*, Case No. 1:16-cv-01640 LJO-EPG, 2017 U.S. Dist. LEXIS 70092, 2017 WL 1831941 (E.D. Cal. May 8, 2017) (upper-level paralegal awarded an hourly paralegal rate of $115 per hour). Given the lack of information, the Court is unable to assess Plaintiff's fee request because the application fails to address any factors relevant to the calculation of reasonable fees.

On this record, Plaintiff has not borne its burden of demonstrating its entitlement to fees or the reasonableness of any fees claimed. Consequently, the request for the award of fees and costs should be denied without prejudice to Plaintiff bringing a separate motion after the issuance of a judgment in its favor.

### V.  CONCLUSION AND RECOMMENDATION

Based on consideration of the declaration, pleadings and exhibits to the present application, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's motion for default judgment (Doc. 11) be GRANTED;

2.  The Court GRANT judgment in the amount of $145,932.74 in favor of Plaintiff and against Defendants Aero Transport, Inc. and Ranjit Dhaliwal, jointly and severally, as follows:

    A.  Principal and Interest in the amount of $145,015.82;

    B.  Late Fees in the amount of $916.92;

9

3. The Court GRANT in PART and DENY in PART the request for the award of late fees based upon a lack of evidence;

4. The Court DENY WITHOUT PREJUDICE the request for the award of attorneys' fees and costs based upon a lack of evidence;

5. The Court GRANT Plaintiff judgment for claim and delivery and for possession of the vehicle identified as: "2016 Kenworth Model T680. Serial Number 1XKYDP9X5GJ490203 together with an extended warranty." Should Plaintiff recover the Vehicle and thereafter sell the vehicle, the net proceeds from said sale, after deduction of reasonable expenses of retaking, holding, preparing for sale, selling and the like, shall be applied to reduce the amount of the Judgment and Plaintiff shall file a Partial Satisfaction of Judgment giving credit to Defendants Aero Transport, Inc., and Ranjit Dhaliwal, and each of them, jointly and severally, for the proceeds from the sale of the vehicle.

6. The Court enter judgment in favor of Ascentium Capital, LLC and against Aero Transport, Inc. and Ranjit Dhaliwal, jointly and severally.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304. Within fifteen (15) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 12, 2017**         /s/ *Barbara A. McAuliffe*
                                UNITED STATES MAGISTRATE JUDGE